**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MAXELL, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-1447-JFB-SRF |
| | ) |
| BLU PRODUCTS, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF MAXELL, LTD.'S OPPOSITION TO MOTION TO DISMISS FOR
IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER**

Plaintiff Maxell, Ltd. ("Plaintiff" or "Maxell") files this Opposition to Defendant BLU

Products, Inc.'s ("Defendant" or "BLU") motion to dismiss for improper venue or, in the

alternative, to transfer to the Southern District of Florida ("Motion"). For the reasons described

herein, venue is proper in the District of Delaware because, contrary to its statements in its

motion, BLU **is** incorporated and thus resides in Delaware, and BLU has not met its heavy

burden to show why the case should be transferred to the Southern District of Florida. BLU has

not identified any substantial burden that litigating in the District of Delaware will impose either

on itself or any relevant third-party witnesses. Nor has BLU identified any public interest factors

that strongly favor transfer. Accordingly, this case should remain in the District of Delaware.

**I.     LEGAL STANDARDS**

In patent infringement actions, venue is proper "in the judicial district where the

defendant resides, or where the defendant has committed acts of infringement and has a regular

and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods

Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). In *Fourco Glass Co. v. Transmirra Products

Corp.*, the Supreme Court concluded that a domestic corporation "resides" only in its state of

incorporation for purposes of the first prong of § 1400(b). 353 U.S. 222, 229 (1957). The Supreme Court recently reaffirmed the decision in *Fourco*, concluding that a corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party seeking a transfer has the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer[.]" *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). That burden is a heavy one: "unless the balance of convenience of the parties is **strongly in favor** of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (emphasis added) (internal quotation marks and citation omitted); *see also Jumara*, 55 F.3d at 879 ("in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed.") (internal quotation marks and citation omitted).

The Third Circuit has observed that courts must analyze "all relevant factors" to determine whether "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (internal quotation marks and citation omitted). Nevertheless, it has identified a set of private interest and public interest factors that are appropriate to account for in this analysis (the "*Jumara* factors"). The private interest factors to consider include: (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be

unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Id.* (citations omitted). The public interest factors to consider include: (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80 (citations omitted).

## II.    ARGUMENT

### A.    BLU is Incorporated and Resides in the District of Delaware and Thus Venue is Proper in This District

BLU's assertion that it is not incorporated in Delaware, both now and at the time Maxell's complaint was filed, is simply not true.

Whether venue is proper is determined at the time the complaint is filed.[1] *See Exxon Corp. v. F.T.C.*, 588 F.2d 895, 899 (3d Cir. 1978) (holding that "venue is determined at the outset of the litigation"); *Hill v. Equitable Trust Co.*, 562 F. Supp. 1324, 1332 (D. Del. 1983)

---

[1] In its Motion, BLU cites *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990) for the proposition that venue should be assessed on the basis of circumstances as they exist now rather than at the time when the complaint was first filed. Motion at 3-4. However, Third Circuit and District of Delaware law, which state that venue is properly determined at the time the complaint is filed, are controlling here. *See Boston Scientific Corporation v. Cook Group Incorporated*, 269 F. Supp. 3d 229, 236 (D. Del. 2017) ("[T]he issue of which party bears the burden of proof on a venue challenge is a procedural, non-patent issue controlled by the law of the regional circuit.").

Furthermore, the Court in *Knowlton* was addressing the specific question of whether venue was proper with respect to one defendant in a federal diversity case after the plaintiff dropped her claims against a co-defendant. Notably, one of the cases cited in *Knowlton* states, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist **when the complaint is filed**." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989) (emphasis added).

("The factual circumstances governing issues of venue are determined as of the time the complaint was filed . . . or perhaps as of the time the cause of action arose."). Although Mr. Ohev-Zion's declaration claims that BLU filed its Certificate of Domestication with the Florida Secretary of State, Division of Corporations on October **11**, 2017 prior to the filing of the complaint (Ohev-Zion Decl. at ¶ 5), these documents were not actually filed with the Florida Secretary of State, Division of Corporations until October **19**, 2017, six days **after** Maxell filed its Complaint in this case. *See* Ex. 1 to Ohev-Zion Decl. (showing the documents were stamped as filed on October 19, 2017). Accordingly, even under Florida law, BLU was still a Delaware corporation when Maxell filed its Complaint in this litigation on October 13, 2017.[2] *See* Section 607.1801(4), Florida Statutes ("Upon ***filing*** with the Department of State of the certificate of domestication and articles of incorporation, the corporation shall be domesticated in this state.") (emphasis added). Indeed, BLU's registered agent in Delaware accepted service of Maxell's complaint on October 16, 2017. *See* D.I. 6, Executed Summons. Because BLU was a Delaware corporation and resided in Delaware at the time Maxell filed its complaint, venue is proper in the District of Delaware under 28 U.S.C. § 1400(b).

Moreover, BLU has not ceased to be incorporated in the state of Delaware. As of January 16, 2018, BLU was still a Delaware Corporation in good standing. *See* Ex. A, January 26, 2018

---

[2] BLU argues that once BLU allegedly domesticated in Florida, the domestication is retroactive back to February 4, 2011. Motion at 3. However, as explained herein, BLU's domestication and/or transfer to Florida was never effective under Delaware law. *See infra*. As long as BLU exists as a Delaware corporation following the alleged transfer or domestication, BLU is still considered a resident of Delaware regardless of what happens in Florida. *See* 8 *Del. C.* § 390(e) ("So long as a corporation continues to exist as a corporation of the State of Delaware following the filing of a certificate of transfer and domestic continuance, the continuing corporation and the resulting entity shall, for all purposes of the laws of the State of Delaware, constitute a single entity formed, incorporated, created or otherwise having come into being, as applicable, and existing under the laws of the State of Delaware and the laws of the foreign jurisdiction.").

Declaration of Benjamin J. Schladweiler ("Schladweiler Decl.") at ¶ 3, Ex. 1. To date, BLU has not filed the requisite certificate of transfer with or paid the prescribed fees to the Delaware Secretary of State, and thus any transfer or domestication would not be effective under Delaware law. *See* 8 *Del. C.* §§ 390 (b) and (c) and Schladweiler Decl. at ¶ 4. Venue is therefore proper in the District of Delaware as BLU is still incorporated, and thus still resides, in the State of Delaware.

    As such, BLU's motion to dismiss the case for improper venue should be denied.

**B.    BLU Fails to Meet its Heavy Burden to Show that Convenience and the Interests of Justice Strongly Favor Transfer to the Southern District of Florida**

    Regarding the motion to transfer, Maxell does not dispute that this case **could** have originally been brought in the Southern District of Florida. In fact, there may be numerous other venues that would have been proper as well. That, however, does not weigh in favor of transfer. Rather, the relevant inquiry here is whether BLU has met its heavy burden to show the convenience of the parties and the interests of justice **strongly favor** transfer. As shown below, BLU fails to meet this burden.

**1.    Maxell's Choice of Forum is Entitled to Deference**

    BLU incorrectly asserts that Maxell's forum preference is "entitled to little deference." (Motion at 6). BLU's contention is contrary to law. In the Third Circuit, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Shutte*, 431 F.2d at 25. "[E]ven where the chosen forum is not a 'home forum,' courts still give a plaintiff's preference 'heightened' weight." *Callabo Innovations, Inc. v. Omnivision Techs., Inc.*, No. 16–197, 2017 WL 374484, at *4 (D. Del. Jan. 25, 2017). "The deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason." *Id.* In this case,

Maxell selected the District of Delaware because it is BLU's state of incorporation—where BLU resided at the time of the filing of the complaint (according to the United States Supreme Court). *See Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 482 (D. Del. 2011) (concluding that "when a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware."). Accordingly, this factor is given "heightened" weight, and it weighs heavily against transfer.

### 2. BLU's Choice of Forum

BLU argues this factor only briefly and relies on the alleged convenience for BLU in litigating this dispute in the Southern District of Florida. (Motion at 6). The convenience factor is addressed below.

### 3. Whether the Claim Arose Elsewhere (Neutral)

A claim for patent infringement arises wherever someone "makes, uses, offers to sell, or sells any patented invention" without authority. 35 U.S.C. § 271(a). As alleged in Maxell's complaint, which must be accepted as true for this motion, BLU has committed acts of patent infringement in the state of Delaware. D.I. 1 at ¶¶ 10-12. To the extent BLU's infringement of the asserted patents occurs in any single district, the claims here arose in Delaware just as much as they arose in Florida. This factor is therefore neutral. *See C.R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F.Supp.3d 540, 545 (D. Del. 2016) ("As defendant has sold product in Delaware, the asserted patent claims may be said to arise in Delaware.").

### 4. Convenience of the Witnesses, the Parties, and the Location of the Books and Records Do Not Favor Transfer

BLU argues that all of BLU's witnesses as well as BLU's books and records are located in the Southern District of Florida (Motion at 7-8), weighing in favor of transfer. However, BLU

ignores that most discovery will take place in locations mutually agreed by the parties. *See, e.g.,* *Graphics Props. Holdings v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 328-29 (D. Del. 2013) (denying  motion to transfer out of the District of Delaware and stating that "as a practical matter, regardless of the trial venue, most of the discovery will take place in California or other locations mutually agreed to by the parties"). BLU does not point to any evidence that it would be significantly financially burdened by litigating in Delaware. BLU is a sophisticated entity with sizable financial resources; BLU's own website claims that it is "global brand." *See* bluproducts.com/about-us/ (last accessed Jan. 24, 2018). Moreover, BLU has not alleged that any of its witnesses in the Southern District of Florida will be unavailable for trial in Delaware, as required by the relevant *Jumara* factor. *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 700 (D. Del. 2013), quoting *Jumara*, 55 F.3d at 879 ("[L]itigation is an inconvenient exercise. Therefore, it is not whether witnesses are inconvenienced by litigation but, rather, whether witnesses 'actually may be unavailable for trial in one of the fora' that is a determinative factor in the transfer analysis.").

And although the location of documents is evaluated, "it is not a determinative factor unless 'the files c[an] not be produced in the alternative forum.'" *Cradle IP,* 923 F. Supp. 2d at 700, quoting *Jumara*, 55 F.3d at 879. Because of "technological advances," this factor is often given little weight because technology has "shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded ... and have lowered the cost of moving that information from one place to another." *Contour IP Holding, LLC v. GoPr*o, Inc., No. 15-1108, 2017 WL 3189005, at *13 (D. Del. July 6, 2017). Even if relevant documents in BLU's possession reside in the Southern District of Florida, technological advances make these documents easily portable, and BLU does not make any attempt to show its

files cannot be produced in Delaware. Indeed, BLU is almost certain to produce documents in electronic format—by disc or download—meaning that its production would be the same whether sent across town, across state lines, or across the country.

Finally, BLU bears the burden in demonstrating that any relevant third-party witnesses will be unavailable or unwilling to travel to the District of Delaware. *See, e.g.*, *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). BLU's motion completely ignores the locations of any third party witnesses (for example, accused product component suppliers, patent inventors, patent prosecution counsel, etc.) that may be relevant to this case. There is no indication that any third-party witness would be unwilling to appear in litigation in this District should they even need to testify live. *See, e.g. Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463 (D. Del. 2013). Although BLU has not identified any relevant third party witnesses, it is likely that many do not reside in either Delaware **or** the Southern District of Florida. *See, e.g.*, *Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009) ("[T]he convenience of witnesses who reside in neither the current nor the transferee forum is not relevant when considering a motion to transfer venue."). Accordingly, these three factors weigh heavily against transfer.

### 5.    Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive Favor the District of Delaware

In examining this *Jumara* factor, the Court has often noted that if there is a related lawsuit in one of the fora at issue at the time of the transfer motion, this is an important "practical consideration." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F.Supp.2d 744, 759 (D. Del. 2012); *Cashedge, Inc. v. Yodlee, Inc.*, No. Civ. A. 06–170 JJF, 2006 WL 2038504, at *2 (D. Del. July 19, 2006). If a related case involves "(1) the same parties, (2) related or similar technologies for the judge to become familiar with, and (3) a common field of prior art," then these "practical

considerations" weigh in favor litigating the related cases in the same fora. *Cashedge*, 2006 WL 2038504, at *2.

Maxell filed another case on October 13, 2017 against Blackberry in the District of Delaware that is pending in front of the same district and magistrate judges as the instant case against BLU. *Maxell, Ltd. v. Blackberry Corporation, et al.*, Case No. 1:17-cv-01446-JFB-SRF (D. Del.). Maxell's case against Blackberry and the instant litigation both concern infringement of U.S. Patent No. 7,995,897 (the "'897 Patent"). This District will already need to become familiar with the technology of and prior art to the '897 Patent with respect to Maxell's case against Blackberry. Other common questions may exist with regards to Maxell's history, ownership of the asserted patents, licensing, etc. Thus, the practical consideration of judicial efficiency weighs strongly against transfer.

### 6.      Other Factors

BLU's Motion does not address any of the remaining public or private interest *Jumara* factors. Accordingly, these factors are neutral, at best, and do not favor transfer.

### 7.      BLU's Motion was Filed to Delay this Litigation

Finally, BLU's motion is nothing more than an attempt to delay the prosecution and efficient resolution of this case. Maxell's counsel has met telephonically with BLU's counsel on several occasions and granted BLU two extensions to answer Maxell's complaint. *See* D.I. 9 and 13. At no point did BLU's counsel ever mention to Maxell's counsel that BLU believed venue was improper and/or inconvenient or that BLU would be filing this Motion. Thus, it is clear that BLU filed its Motion to delay and avoid answering Maxell's complaint. Indeed, BLU's October 19 filing in Florida was made by BLU's litigation counsel (in this case). BLU's conduct should not be rewarded.

## III.     CONCLUSION

For at least the foregoing reasons, venue is proper in the District of Delaware, and BLU has not met its heavy burden to show why the case should be transferred to the Southern District of Florida. Accordingly, Maxell respectfully requests that the Court deny BLU's motion to dismiss or, in the alternative, to transfer to the Southern District of Florida.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

Jamie B. Beaber
Kfir B. Levy
James A. Fussell, III
Tiffany A. Miller
Baldine B. Paul
Saqib J. Siddiqui
Alison T. Gelsleichter
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C.  20006
(202) 263-3000
jbeaber@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
tmiller@mayerbrown.com
bpaul@mayerbrown.com
ssiddiqui@mayerbrown.com
agelsleichter@mayerbrown.com

Amanda Streff Bonner
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606
(312) 782-0600
asbonner@mayerbrown.com

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com

*Counsel for Plaintiff Maxell, Ltd.*

Dated:  January 26, 2018

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on January 26, 2018, I caused the foregoing *Plaintiff Maxell Ltd.'s Opposition to Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer* to be served via electronic mail upon the following counsel of record:

Dennis J. Butler
PANITCH SCHWARZE BELISARIO & NADEL, LLP
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
dbutler@panitchlaw.com

*Counsel for Defendants BLU Products, Inc.*

Bernard L. Egozi
Isaac S. Lew
EGOZI & BENNETT, P.A.
2999 NE 191st St., Suite 407
Aventura, Florida 33180
begozi@egozilaw.com
ilew@egozilaw.com

*Counsel for Defendants BLU Products, Inc.*

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)